IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY BOPPRE, | ) | 8:11CV381 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT P. HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Motion and Notice Regarding the Ruling of the Circuit Court of Appeals. (Filing No. 11.) As set forth below, Petitioner's Motion is denied and his Petition for Writ of Habeas Corpus ("Petition") is dismissed.

## I. BACKGROUND

Petitioner is currently in the custody of the Nebraska Department of Correctional Services as a result of his conviction for first-degree murder, robbery, and use of a firearm to commit a felony. (Filing No. 1.) On November 7, 2011, Petitioner filed his Petition and a Motion to Amend his Petition in this court. (Filing Nos. 1 and 2.) In his Motion to Amend, Petitioner asserted that he was seeking authorization from the Eighth Circuit Court of Appeals to file his Petition and that he provisionally filed the Petition in this court while authorization was pending. (Filing No. 2.) On March 13, 2012, I entered a Memorandum and Order directing Petitioner to update the court regarding the status of his Eighth Circuit Court of Appeals request every thirty days. (Filing No. 8.)

On April 6, 2012, the Eighth Circuit Court of Appeals denied Petitioner's request for authorization to file a successive habeas application. (Filing No. 9.) Thereafter, Petitioner filed his Motion and Notice Regarding the Ruling of the Circuit

Court of Appeals. (Filing No. 11.) In this Motion, Petitioner asks me to enter an order granting him 30 days to file a brief to show that Claims I and II of his Petition should not be dismissed because they are unaffected by the Eighth Circuit's April 6, 2012, Order. (*Id*.)

## II. ANALYSIS

Rule 9 governing Section 2254 cases provides that:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

*Id.* Similarly, Section 2244(b)(3)(A) provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*Id.* The United States Supreme Court established a process for court of appeals' review of successive petitions:

> In [the Antiterrorism and Effective Death Penalty Act ("AEDPA")], Congress established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. *Felker v. Turpin*, 518 U.S. 651, 657 ... (1996); § 2244(b). An individual seeking to file a "second or successive" application must move in the appropriate court of appeals for an order directing the district court to consider his application. § 2244(b)(3)(A). The court of appeals then has 30 days to decide whether to grant the authorization to file. § 2244(b)(3)(D). A court of appeals' decision whether to grant authorization "to file a second or successive application shall not be

2

appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." §2244(b)(3)(E).

*Stewart v. Martinez- Villareal*, 523 U.S. 637, 641 (1998).

In order for a petition to be considered "successive," it must "contest[] the same custody imposed by the same judgment of a state court." *Burton v. Stewart*, 549 U.S. 147 (2007). If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place" and the district court must dismiss the petition. *Id.* However, dismissal is not appropriate where a petitioner "asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *see also Stewart*, 523 U.S. at 641. The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition. *See Vancleave v. Norris*, 150 F.3d 926, 929 (8th Cir. 1998).

Although Petitioner sought, and was denied, authorization to file a successive habeas application, he now argues that Claims I and II of his Petition are not "successive" because they are based on "a 'factual predicate' that 'could not have been discovered previously through the exercise of due diligence.'" (Filing No. 11.) However, "[s]ection 2244(b)(2)(B)(i) states that claims based on a factual predicate not previously discoverable are successive." *Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009). Indeed, Petitioner's claims are not the type of claims deemed to be nonsuccessive. *See, e.g., Crouch v. Norris*, 251 F.3d 720, 724 (8th Cir. 2001) (stating a state prisoner's "proposed challenge to the execution of his sentence should not be deemed 'second or successive' merely because he has previously filed a § 2254 challenge to the constitutionality of his convictions"); *Pennington v. Norris*, 257 F.3d 857, 858 (8th Cir. 2001) (stating a petitioner's "parole denial claim isn't

'second or successive,'" and therefore does not require the Circuit Court's authorization to proceed in district court).

Because Petitioner's claims are successive, he must comply with Section 2244's pre-authorization requirement. (Filing No. 1 at CM/ECF pp. 1-17; Case No. 2:98CV3013, Filing No. 1.) *See also State v. Boppre*, 790 N.W.2d 417, 425 (Neb. 2010) (characterizing Petitioner's allegations of prosecutorial misconduct and ineffective assistance of counsel as requesting relief from his conviction). Section 2244(b) plainly states that a federal district court cannot entertain a "second or successive" habeas corpus petition filed by a person in state custody, unless the apposite federal circuit court of appeals has expressly authorized that person to file another habeas petition. *Burton*, 549 U.S. at 157; *see also Cox v. Norris*, 167 F.3d 1211, 1212 (8th Cir. 1999) (stating that a prisoner must receive pre-authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief). Because the Eighth Circuit denied Petitioner's request for authorization to file a second or successive habeas application, this court lacks subject matter jurisdiction over the Petition and it must be dismissed.

IT IS THEREFORE ORDERED that:

1.    Petitioner's Motion to Amend (filing no. 2) and Motion and Notice Regarding the Ruling of the Circuit Court of Appeals (filing no. 11) are denied. Petitioner's Petition for Writ of Habeas Corpus (filing no. 1) is dismissed without prejudice for lack of subject matter jurisdiction.

2.    A separate judgment will be entered in accordance with this Memorandum and Order.

4

DATED this 17th day of April, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

5